[No. 13412.  In Bank. — February 1, 1890.]

## L. B. FRANKEL, APPELLANT, *v.* PHILIP DEIDE- · SHEIMER ET AL., RESPONDENTS.

PETITION TO PROVE EXCEPTIONS — NEW TRIAL STATEMENT — SUBMISSION OF MOTION — STIPULATION — WAIVER. — It is too late, after the court below has acted upon a new trial statement duly settled, and an appeal has been perfected, to petition to prove an exception in the supreme court under section 652 of the Code of Civil Procedure.  If the petition and record show that the new trial statement was settled under a stipulation that the settlement thereof should be submitted on briefs, and that the motion for a new trial should be deemed to be submitted for decision without argument as soon as the statement was settled, and that notice of the settlement of the statement and hearing of the motion should be waived by both parties, and show further that the motion for new trial was made after the statement was settled, and submitted without argument pursuant to the stipulation, without any request for a delay of the settlement or of the ruling until an application could be made to the supreme court to prove exceptions, by such submission of the settlement of the statement and of the motion for a new trial, the moving party loses the right to apply to the supreme court to prove exceptions disallowed by the judge in settling the statement.

PETITION to the Supreme Court to settle exceptions disallowed in settling a statement on motion for new trial in an action appealed from the Superior Court of Sierra County.

The facts are stated in the opinion of the court.

*William F. Herrin,* and *H. L. Gear,* for Petitioner.

*John Gale, Smith & Ford,* and *W. C. Belcher,* for Respondents.

PATERSON, J. — This is an application based upon the provisions of section 652 of the Code of Civil Procedure, to prove an exception which it is alleged the court refused to allow in accordance with the facts.  It appears from the petition and from the record that the statement was served on October 23, 1888, and the amendment thereto December 28, 1888; that the statement was settled

on May 9, 1889; that under a stipulation of counsel for plaintiff and defendants, the settlement of the proposed statement was submitted to the judge upon briefs. This stipulation provided that as soon as the statement was settled, plaintiff's motion for a new trial should be deemed to be made and submitted to the judge for his decision without argument, and that any further notice of the time of the settlement of the statement, and of the hearing of the motion for a new trial, should be waived by both parties. On May 10, 1889, the attorneys for plaintiff filed a written motion for a new trial, stating that "this motion is made upon said settled statement and the judgment roll in said action. . . . . The above motion is submitted without argument pursuant to stipulation on file herein." On May 10, 1889, the judge made a written order denying the motion for a new trial, which was filed on May 14, 1889. Notice of appeal from the order denying the motion for a new trial was served July 11, 1889. This application was made August 20, 1889.

The petitioner comes too late to this court with his application for relief. He was charged with notice that the judge might strike out the matter which was in fact stricken out, and, of course, had notice of the fact, when the statement was settled and filed, that the exception which he now asks to prove had not been allowed by the judge. It does not appear that any request was made of the judge below to delay the settlement of the bill, or a ruling on the motion for a new trial, until an application could be made to this court to prove the exception desired. By submitting the settlement of the statement, and his motion for a new trial in the manner stated above, we think he lost his right to apply to this court for redress of the grievance complained of. It is too late after the court below has acted upon a statement duly settled to prove an exception in this court,—certainly too late after an appeal has been perfected. If this

application should be granted, the appeal from the order denying a new trial would be heard upon matters which were not in the record, and which were not considered by the court below on motion for a new trial.

Motion denied.

Fox, J., McFarland, J., Sharpstein, J., and Thornton, J., concurred.